# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DAVID WOOLSEY,

                Plaintiff,

v.                               CIVIL ACTION NO. 2:18-cv-00745

RICHARD OJEDA,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff David Woolsey's ("Plaintiff") motion to amend his complaint to add a claim for intentional infliction of emotional distress against Defendant Richard Ojeda ("Defendant"). (ECF No. 12.) For the reasons stated more fully herein, Plaintiff's motion is **GRANTED**.

### I.    BACKGROUND

This action arises out of an online quarrel between Plaintiff and Defendant. (*See* ECF No. 1.) Plaintiff, a onetime acquaintance of Defendant who personally disliked Defendant and disagreed with him politically, posted a video to his personal Facebook profile that criticized Defendant's driving. (*Id.* at 3–5.) Defendant, a sitting state senator and United States congressional candidate at the time, posted a response video to his official Facebook page in which he berated Plaintiff and called on Plaintiff's employer to fire Plaintiff for driving recklessly in a

company vehicle. (*Id.* at 6–7.) Plaintiff alleges that Defendant contacted Plaintiff's employer and spoke with the owner, who fired Plaintiff shortly afterward. (*Id.* at 10.)

Plaintiff filed his motion for leave to amend the complaint on November 14, 2018. (ECF No. 12.) Defendant filed a timely response on November 28, 2018. (ECF No. 13.) Plaintiff did not file a reply. As such, Plaintiff's motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"[T]he grant or denial of an opportunity to amend [the complaint] is within the discretion of the district court." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (internal quotation marks omitted). This Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, it "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see Drager*, 741 F.3d at 474 (clarifying that "[a] district court's denial of leave to amend is appropriate" only under these three circumstances). As relevant here, "[a] proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, No. 18-1649, 2019 WL 286676, at *9 (4th Cir. Jan. 23, 2019) (to be published in F.3d) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff seeks to amend his complaint to add a claim for intentional infliction of emotional distress. (ECF No. 12.) Defendant asserts that the amendment would be futile for two reasons. (*See* ECF No. 13.) Defendant first argues that his actions, as pled in the proposed amended complaint, do not amount to the "outrageous" conduct necessary to state a claim for intentional

infliction of emotional distress. (*Id.* at 4–6.) As relevant here, a claim for intentional infliction of emotional distress under West Virginia law requires the plaintiff to establish, among other elements, "that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency." *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 716 S.E.2d 696, 705 (W. Va. 2011) (listing elements of claim for intentional infliction of emotional distress). The defendant's actions "must be more than unreasonable, unkind or unfair; [they] must truly offend community notions of acceptable conduct." *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998). "[A]n abuse by the defendant of a position or relationship to the plaintiff, which gave the defendant actual or apparent authority over the plaintiff or power to affect the plaintiff's interests" is a relevant consideration. *Id.* at 426.

Defendant characterizes the allegations in the proposed amended complaint as mere "name-calling" and argues that "Plaintiff admittedly harbored disdain for Defendant and[] thus[] must have expected an in-kind response to his attempt to publicly humiliate Defendant." (ECF No. 13 at 6.) However, Defendant fails to acknowledge the significance of his alleged conduct: a sitting state senator and congressional candidate posted a video that personally attacked a constituent to his official Facebook page with more than 50,000 followers and then pressured the constituent's employer to fire him. (*See* ECF No. 12-1 at 6, 10.) In the video, Defendant referred to Plaintiff as "some absolute oxygen thief" and stated that Plaintiff "hasn't exactly made his parents proud in life." (*Id.* at 6–7.) Defendant also threatened to "go to [Plaintiff's employer] and . . . let them know point blank . . . that [Plaintiff's driving] is unacceptable." (*Id.* at 7.) Then, the proposed amended complaint alleges, Defendant contacted Plaintiff's employer and spoke with the owner, who fired Plaintiff shortly thereafter. (*Id.* at 10.) Upon firing Plaintiff, the owner

3

stated that Plaintiff "shouldn't have posted the video" because he was "interfering in a federal election." (*Id.*)

As this Court previously held in its Memorandum Opinion and Order denying Defendant's motion to dismiss, (ECF No. 14), these facts, taken together, suggest that Defendant used his position as a state senator to have Plaintiff fired from his job due to Plaintiff's criticism of Defendant. That Plaintiff sues Defendant in his personal capacity and not in his capacity as a state senator does not eliminate the fact of Defendant's position from this Court's consideration. This Court concludes that Defendant's conduct, as alleged in Plaintiff's proposed amended complaint, "offends against the generally accepted standards of decency and morality" and is thus outrageous. *Hosaflook v. Consolidation Coal Co.*, 497 S.E.2d 174, 185 (W. Va. 1997). As such, the proposed amended complaint states a claim for intentional infliction of emotional distress, and amendment would not be futile for that reason.

Defendant also argues that Plaintiff's proposed amendment is futile because this Court would not have subject matter jurisdiction over the intentional infliction of emotional distress claim if it granted Defendant's motion to dismiss the 42 U.S.C. § 1983 First Amendment retaliation claim. (ECF No. 13 at 7.) This Court recently entered a Memorandum Opinion and Order denying Defendant's motion to dismiss that claim. (ECF No. 14.) As such, this Court retains subject matter jurisdiction over the action based on federal question jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend his complaint, (ECF No. 12), is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

           ENTER:       January 30, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE